

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ANTONIO RAMIREZ, *et. al*, | Case No. 3:16-cv-00318-LRH-WGC |
| Plaintiffs, | ORDER |
| v. | |
| HG STAFFING, LLC; MEI-GSR HOLDINGS, LLC, d/b/a GRAND SIERRA RESORT; and DOES 1 through 50, inclusive, | |
| Defendants. | |

In this Fair Labor Standards Act ("FLSA") case, the plaintiffs moved to certify the collective action for discovery and trial purposes under 29 U.S.C. § 216(b). ECF No. 27. The defendants opposed the motion, and the plaintiffs replied. ECF Nos. 41, 49. Because the proposed class has yet to move for conditional certification and has yet to join with opt-in plaintiffs in this action, the court now denies the motion without prejudice.

I.  BACKGROUND

This case stems from an ongoing case before this court: *Sargant et. al v. HG Staffing, et. al.*, Case No. 3:13-cv-00453-LRH-WGC. In *Sargant*, the court decertified a conditionally certified collective action because the plaintiffs were not "similarly situated" as required by the FLSA. 171 F. Supp. 3d 1063 (D. Nev. 2016). After the class was decertified in *Sargent*, the plaintiffs herein filed an independent complaint to initiate this proceeding. ECF No. 1. The plaintiffs amended the complaint twice, ultimately alleging one cause of action: the failure to pay overtime wages in violation of the FLSA. ECF Nos. 3, 15. The defendants moved to dismiss the

1

amended complaint, which the court granted in part and denied in part. ECF Nos. 16, 21. The defendants then answered the amended complaint. ECF No. 24. The proposed collective action has yet to be conditionally certified and has yet to be joined by opt-in plaintiffs.

Plaintiffs now seek to certify the proposed collective action "for discovery and trial purposes" based on a narrower class than that presented in *Sargent*. *Compare* ECF No. 27 at 4 (describing the proposed class as: "[a]ll current and former non-exempt employees employed by Defendants, who worked more than forty hours in any work week, and who were required to perform banking activities without compensation at any time during the relevant time period alleged") *with Sargent*, 3:13-cv-00453-LRH-WGC at ECF No. 144 at 2 (describing the proposed class as: "[a]ll non-exempt hourly workers employed by Defendants at any time from June 21, 2009, until the date of judgment after [trial] herein"). The defendants opposed the certification motion, and the plaintiffs replied. ECF Nos. 41, 49.

## II. DISCUSSION

The plaintiffs seek certification of the proposed collective action for discovery and trial purposes, asserting the FLSA-procedural-process requires certification and the proposed class meets the criteria for a collective-action certification. ECF No. 27. The defendants oppose the certification, arguing the doctrine of issue preclusion bars the proposed certification, the first-to-file rule bars the proposed certification, the FLSA procedures have yet to be fulfilled by the plaintiffs, and the plaintiffs do not meet the requirements for a collective-action certification. ECF No. 41. The court finds that FLSA procedures have yet to be fulfilled by the plaintiffs and denies the motion on this basis. As a result, the court does not reach the parties' remaining arguments.

The plaintiffs' motion to certify the collective action for discovery and trial purposes must fail because the plaintiffs have yet to seek conditional certification and have yet to join with opt-in plaintiffs. Under the FLSA, employees may sue their employers when the employer fails to pay overtime wages. 29 U.S.C. § 207; *Barrentine v. Arkansas-Best Frieght Sys., Inc.*, 450 U.S. 728, 739, 101 S. Ct. 1437, 67 L.Ed.2d 641 (1981). Employees may bring suit as a collective action "for and in behalf of ... themselves and other employees similarly situated." 29 U.S.C. §

2

216(b). The court determines whether a proposed collective action should be certified by "[evaluating] whether the proposed lead plaintiffs and the proposed collective action group are 'similarly situated' for purposes of [29 U.S.C.] § 216(b)." *Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 466 (N.D. Cal. 2004) (citation omitted). "Neither the Supreme Court nor the Ninth Circuit have interpreted the term ['similarly situated']." *Kress v. PricewaterhouseCoopers, LLP*, 263 F.R.D. 623, 627 (E.D. Cal. 2009) (citing *Leuthold*, 224 F.R.D. at 466). But in this circuit, collective-action certification occurs in two steps. *Id.*; *see also Dualan v. Jacob Transportation Servs., LLC*, 172 F. Supp. 3d 1138, 1144 (D. Nev. 2016) (stating the court would follow "the courts in [the Ninth Circuit] by considering certification in two stages.").

In the first step, or the notice stage, the court determines whether the proposed-collective-action group should be conditionally certified and the members of the proposed group be given notice of the action. *Leuthold*, 224 F.R.D. at 466; *see also Anderson v. Cagle's, Inc.*, 488 F.3d 945, 952–53 (11th Cir. 2007). "[T]he importance of certification ... is that it authorizes either the parties, or the court itself, to facilitate notice of the action to similarly situated employees." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1259 (11th Cir. 2008). After receiving notice, members of the proposed-collective-action group may affirmatively opt-in to the proceeding. *Id.* Accordingly, the first step entails an important requirement for the certification of a FLSA collective action; "plaintiff[s] seeking FLSA collective action certification does not have a procedural right to represent a class in the absence of any opt-in plaintiffs." *Smith v. T-Mobile USA Inc.*, 570 F.3d 1119, 1122 (9th Circ. 2009). The court employs a "lenient standard" during the first stage. *Leuthold*, 224 F.R.D. at 467. And while the standard requires more than unsupported allegations, it "typically results in conditional class certification." *Id.*

If the court conditionally certifies the proposed collective action in the first step—and after notice has been given and the opt-in process has been completed—the party opposing certification generally triggers the second by moving for class decertification. *Anderson*, 488 F.3d at 953; *see also Leuthold*, 224 F.R.D. at 467. "The court then must make a factual determination" on whether the members of the proposed collective action satisfy the requirements of 29 U.S.C. § 216(b). *Leuthold*, 224 F.R.D. at 467. The court may decide to

decertify the group if the plaintiffs are not similarly situated, which then results in the dismissal of the opt-in plaintiffs without prejudice. *Id.*

In making their motion, the plaintiffs rely on actions taken in *Sargent* to argue satisfaction of the FLSA procedural steps in this matter. But this is an independent action from *Sargent*. So even if the plaintiffs in *Sargent* sought conditional certification and joined with opt-in plaintiffs as required by the FLSA, the plaintiffs herein must satisfy the FLSA requirements in this case independently. They have not done so. They neither sought conditional certification nor joined with opt-in plaintiffs. And while the court recognizes that the parties intend to use a substantial amount of discovery from the *Sargent* matter, the court still requires this independent matter to undergo the first step of certification.[1] The court so requires because the plaintiffs must provide the opportunity of an opt-in process for similarly situated plaintiffs. Otherwise—without joining with opt-in plaintiffs—the plaintiffs here have no right to represent a class in a collective action brought under the FLSA. The plaintiffs therefore skipped procedural steps required for FLSA certification, rendering the instant motion for trial certification premature. As a result, the court denies the motion without prejudice.

III. **CONCLUSION**

IT IS THEREFORE ORDERED that the plaintiffs' motion to certify (ECF No. 27) is **DENIED without prejudice.**

IT IS SO ORDERED.

DATED this 23rd day of October, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[1] At the conditional-certification stage, the proposed class may also identify the proposed-class representatives.

4